IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW McGRAW** **PETITIONER**

**v.** **CIVIL ACTION NO.: 3:24-cv-352-DPJ-MTP**

**BRAND HUFFMAN** **RESPONDENT**

## AMENDED REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court on Andrew McGraw's *pro se* Petition for a Writ of Habeas Corpus [1] under 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss [13] the Petition [1] as time-barred under 28 U.S.C. § 2244(d). Having considered the petition, the record, and applicable law, the undersigned recommends that the Motion to Dismiss [13] be GRANTED and that the Petition [1] be DISMISSED with prejudice as untimely.

## BACKGROUND

On October 30, 2019, a jury found Petitioner Andrew McGraw ("McGraw") guilty of forcible sexual intercourse and incest of his thirty-three-year-old daughter, a vulnerable adult with a standing condition of bacterial meningitis that rendered her neurologically devastated and unable to talk or walk.[2] That same day, the Kemper County Circuit Court sentenced McGraw to

---

[1] As discussed *infra*, McGraw filed a response to the Motion to Dismiss [13] after the undersigned submitted the original Report and Recommendation [14]. *See* Order [17]. Accordingly, the undersigned withdrew the original Report and Recommendation [14] and herein considers the arguments set forth in McGraw's Response [15].

[2] McGraw's daughter became pregnant in late 2017. She presented to the University of Mississippi Medical Center in January 2018, and her mother requested that the pregnancy be terminated. After having been induced into labor, McGraw's daughter gave birth to an unresponsive child. DNA samples were taken from the deceased child and later from five men, one being McGraw. The test results informed that McGraw fathered his daughter's child with "99.999999998 percent certainty." *McGraw v. State*, 306 So. 3d 715, 716-17 (Miss. 2020).

serve consecutive sentences of twenty-five years for forcible sexual intercourse and ten years for incest. [12-1] at 68-69.

McGraw, through counsel, timely appealed his conviction for forcible sexual intercourse to the Mississippi Supreme Court.[3] *Id*. at 84-85. The Mississippi Supreme Court affirmed McGraw's conviction in a written opinion on December 10, 2020. *See McGraw v. State*, 306 So. 3d 715 (Miss. 2020). McGraw did not seek rehearing, and the Mississippi Supreme Court issued its mandate on January 4, 2021.[4] Thereafter, McGraw did not petition the United States Supreme Court for a writ of certiorari.

On May 29, 2024, McGraw submitted his first *pro se* motion for post-conviction relief ("PCR"), alleging that he received ineffective assistance of counsel, that his due process rights were denied, that the trial court erred in refusing to grant each jury instruction he submitted, that the trial court erred in admitting the DNA evidence offered by the state, and that he was never indicted for "this bogus charge of forcible rape." [12-7] at 37-38. On June 27, 2024, The Mississippi Supreme Court denied McGraw's first PCR motion and held that his claims were "time barred and/or waived" and "fail[ed] to meet any exception to such bars." *Id*. at 33.

On July 24, 2024, McGraw submitted his second *pro se* PCR motion. *Id*. at 23. His second PCR motion echoed the first in many respects. But, for the first time, McGraw argued ineffective assistance of his appellate counsel. He also claimed "actual innocence." *Id*. at 24. On August 21, 2024, the Mississippi Supreme Court denied McGraw's second PCR motion for

---

[3] Even though McGraw's Notice of Appeal asserted that he was appealing both convictions, he did not present any argument on appeal as to his conviction for incest. *See* [12-1] at 84. The Mississippi Supreme Court, therefore, held that McGraw did not appeal the incest conviction. *See McGraw*, 306 So. 3d. at 716 n.1.

[4] *See* https://courts.ms.gov/index.php?cn=91349#dispArea (last accessed June 23, 2025); *see also* [12-7] at 1.

2

the same reasons that it denied the first. The Mississippi Supreme Court also deemed McGraw's second PCR motion "frivolous" and warned him "that any future filings deemed frivolous may result not only in monetary sanctions, but also in restrictions on filing [PCR] relief … *in forma pauperis*." *Id*. at 19.

McGraw submitted his third *pro se* PCR motion on October 9, 2024, resurrecting arguments from his earlier motions. *Id*. at 9. On November 25, 2024, the Mississippi Supreme Court denied McGraw's third PCR motion for the same reasons it denied his earlier motions. The court also deemed McGraw's third PCR motion "frivolous" and restricted him from filing further PCR motions relating to his "subject conviction and sentence unless he pays the applicable docket fee." *Id*. at 2.

Amid McGraw's PCR filings before the Mississippi Supreme Court, he also filed the instant Petition for Writ of Habeas Corpus [1] in this Court on June 12, 2024.[5] McGraw asserts that he received ineffective assistance of both trial and appellate counsel, that the trial court erred in refusing to grant each jury instruction he submitted, and that the trial court erred in admitting DNA evidence offered by the state.[6] [1] at 5-7.

---

[5] The Petition [1] was stamped filed in this Court on June 17, 2024. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). McGraw signed the Petition [1] on June 12, 2024. [1] at 15. The envelope which contained the Petition [1] indicates that it was delivered to prison officials and approved by ILAP that same day. [1-3]. Weighing all doubts in McGraw's favor, the undersigned will use the earlier date of June 12, 2024, as the date that McGraw "filed" his Petition [1].

[6] He also asked the Court to "stay" his habeas proceedings until his PCR motions were resolved. [1] at 3. On January 23, 2025, McGraw moved to "amend" his Petition [1] and supplement his Petition with information regarding exhaustion of state remedies, including documents relating to his PCR motions and the Mississippi Supreme Court's denial of his third PCR motion. *See* [4]; [4-1]. The Court granted the Motion to Amend [4] on August 8, 2025. *See* Order [8].

3

On May 5, 2025, Respondent Brand Huffman ("Respondent") moved to dismiss the Petition [1] as untimely filed under 28 U.S.C. § 2244(d). *See* Motion to Dismiss [13]. McGraw did not respond by June 5, 2025, so the undersigned submitted the original Report and Recommendation [14]. A week later, however, McGraw submitted a Response [15] to the Motion to Dismiss [13]. In his Response [15], McGraw invokes the "actual innocence exception." [15] at 6. He claims that his "actual innocence" can overcome the "habeas statute of limitations" and that the Motion to Dismiss [13] should be denied. *Id*. at 7.

To allow for the completeness of the record and due to McGraw's *pro se* status, the undersigned withdrew the original Report and Recommendation [14].[7] *See* Order [17]. This Amended Report and Recommendation considers McGraw's untimely Response [15] to the Motion to Dismiss [13].

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); s*ee also Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018). The Fifth Circuit has clarified the manner of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A):

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes

---

[7] McGraw also filed an Objection [16] to the original Report and Recommendation [14], essentially echoing the arguments presented in his Response [15]. Because the original Report and Recommendation [14] has been withdrawn, McGraw's Objection [16] is moot.

>final by the expiration of the time for seeking such review.  We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

As previously stated, the Mississippi Supreme Court affirmed McGraw's conviction for forcible sexual intercourse on December 10, 2020.[8]  Although McGraw did not petition the United States Supreme Court for a writ of certiorari, he is credited with the time permitted for doing so,[9] which is 150 days for judgments entered between March 19, 2020, and July 19, 2021.[10]

McGraw's judgment therefore became final—and the statute of limitations for federal habeas relief began to run—on May 10, 2021,[11] giving him until May 10, 2022, to file a federal

---

[8] Though the Mississippi Supreme Court issued its mandate on January 4, 2021, the mandate date does not determine the finality of a conviction for purposes of § 2244(d)(1)(A).  *Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (mandate date inapplicable in determining finality of conviction for purposes of one-year period).

[9] *See Roberts*, 319 F.3d at 694 (explaining that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review, which includes the time allowed for a petition to the Supreme Court).

[10] United States Supreme Court Rule 13.1 provides that, ordinarily, a petition for writ of certiorari to review a judgment must be filed within 90 days after the entry of the judgment or the order denying discretionary review.  However, by Order of the United States Supreme Court, dated March 19, 2020, the time period was expanded from 90 to 150 days due to the Covid-19 pandemic.  *See* https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf (last visited June 3, 2025).  This extension applied to all cases for judgments issued between March 19, 2020, and July 19, 2021.  Such is the case with the underlying December 10, 2020, judgment concerning McGraw's Petition [1].  On July 19, 2021, the United States Supreme Court rescinded the March 19, 2020, Order for all cases in which the relevant lower court judgment or order was issued *after* July 19, 2021.

[11] December 10, 2020, plus 150 days is May 9, 2021—a Sunday.  As Respondent noted, the next available day for filing was Monday, May 10, 2021.  *See* [13] at 7 (citing Fed. R. Civ. P. 6(a)(3);

habeas petition.[12]  But McGraw did not file his Petition [1] until June 12, 2024, more than two years after the deadline.  Unless McGraw is entitled to statutory and/or equitable tolling under 28 U.S.C. § 2244(d)(1)(A), the instant Petition [1] is untimely.

***Statutory Tolling***

Statutory tolling is governed by 28 U.S.C. § 2244(d)(2), which states, "The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Under 28 U.S.C. § 2244(d)(2), such a motion or application is only "properly filed" if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Leonard v. Deville,* 960 F.3d 164, 168 (5th Cir. 2020) (internal citations and quotations omitted).  Properly filed motions do not include those filed after the federal habeas limitations period has expired.  *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).  Accordingly, McGraw must have properly filed an application for post-conviction relief in state court on or before May 10, 2022, to toll the federal limitations period.

---

*Windland v. Quarterman*, 578 F.3d 314, 317-18 (5th Cir. 2009) (applying Rule 6(a)(3) to tolling calculation and deadline to timely file federal habeas petition)).

[12] As noted, McGraw did not file a petition for rehearing as provided for in Miss. R. App. P. 40.  The undersigned is mindful that some authority supports that a failure to do so does not entitle McGraw to credit for the period for seeking certiorari with the United States Supreme Court.  *See, e,g., Roberts*, 319 F.3d at 693 n. 14; *Turner v. Epps*, 2014 WL 2095361 (S.D. Miss. May 20, 2014).  But other cases have not recognized such a failure as an explicit waiver of the right to seek certiorari with the United States Supreme Court.  *See, e.g., Hall v. Cain*, 2022 WL 16796852 (S.D. Miss. Sept. 12, 2022); *Minor v. Parker*, 2006 WL 3197660 (S.D. Miss. Oct. 2, 2006).  Giving McGraw the longest period for filing his petition and as argued for by Respondent, the undersigned included the 150 days for seeking certiorari with the United States Supreme Court in the calculation for McGraw's AEDPA deadline.  In any event, the petition would still be untimely.

He didn't. He instead filed his first PCR motion on May 29, 2024, two years beyond the time for filing a federal habeas petition expired. Because none of McGraw's PCR motions were timely or "properly filed," he is not entitled to statutory tolling of the limitation period.

***Equitable Tolling***

In addition to Section 2244(d)(2), the district court has the discretion to invoke equitable tolling in "rare and exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

To invoke equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). "The burden of proof rests with the petitioner, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), who must meet both prongs, *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012)." *Young v. Mississippi*, 2021 WL 4190646, at *4 (S.D. Miss. Aug. 26, 2021).

McGraw has not carried his burden on either prong. Regarding the first prong, McGraw cannot show that he "pursu[ed] his rights diligently." *Holland*, 560 U.S. at 649. McGraw filed his first PCR motion on May 29, 2024, more than three-and-a-half years after the Mississippi Supreme Court affirmed his conviction. He filed subsequent PCR motions on July 24, 2024, and October 9, 2024. And McGraw did not seek federal habeas review in this Court until June 12, 2024, two years beyond the May 10, 2022, deadline. It cannot be said that McGraw pursued his rights diligently nor has he argued to the contrary.

7

Turning to the second prong, McGraw has not provided the Court with any valid argument for equitably tolling the limitations period in this case. In his Petition [1], he makes no argument for equitable tolling, nor does he explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition. *See* [1] at 13. Therefore, McGraw is not entitled to equitable tolling.

***Actual Innocence***

Finally, the undersigned turns to the "fundamental miscarriage of justice" or, actual innocence, exception as apparently argued by McGraw in his Response [15]. *See* [15] at 6. The Supreme Court has explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare[.]" *Id*. For a petitioner to meet the threshold requirement, he must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Here, McGraw has not presented any new, reliable evidence supporting his claim for actual innocence. He only alleges that he "has maintain[ed] his innocence throughout trial[,]" and that he presented issues on direct appeal and through his PCR motions "that proved his innocence." [15] at 6. As McGraw has not presented *any* evidence advancing his actual innocence claim, the actual innocence exception is not applicable.[13] *McQuiggin*, 569 U.S. at 386; *Hancock v. Davis*, 906 F.3d 387 (5th Cir. 2018).

---

[13] Notwithstanding the DNA test which determined that McGraw fathered his daughter's child with "99.999999998 percent certainty." *McGraw*, 306 So. 3d at 716-17.

**CONCLUSION AND RECOMMENDATION**

Since neither tolling nor the actual innocence exception applies and under 28 U.S.C. § 2244(d)(1)(A), McGraw had until May 10, 2022, to file a federal habeas petition. McGraw filed his Petition [1] on June 12, 2024, two years after the deadline. Accordingly, the undersigned recommends that Respondent's Motion to Dismiss [13] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice as untimely.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 26th day of June, 2025.

                                                    s/Michael T. Parker  
                                                    United States Magistrate Judge